# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HENRY L. KLEIN, *et al.*,

     **Plaintiffs,**

     v.                           **Civil Action No. 18-769 (JEB)**

STEVEN TERNER MNUCHIN,

     **Defendant.**

## MEMORANDUM OPINION

Plaintiff Henry Klein, a New Orleans attorney, is exercised by what he perceives as the abuses of the title-insurance industry. To address these ills, he filed this *pro se* suit seeking a writ of mandamus to compel the Secretary of the Treasury either to include information on the industry in his annual reporting to Congress or to declare that title insurance is not "insurance" under federal law. The Government has filed a Motion to Dismiss, contending that mandamus jurisdiction does not exist here. Because this Court agrees, it will grant the Motion and dismiss the Complaint without prejudice. It will, however, give Plaintiff an opportunity to cure this jurisdictional defect by filing an Amended Complaint within 20 days if he so chooses.

## I.    Background

The Dodd-Frank Wall Street Reform and Consumer Protection Act established the Federal Insurance Office within the Department of the Treasury. See 31 U.S.C. § 313(a). The FIO has the authority to, *inter alia*, "monitor all aspects of the insurance industry," "monitor the extent to which traditionally underserved communities and consumers . . . have access to affordable insurance products," and "develop [f]ederal policy on prudential aspects of international insurance matters." Id. § 313(c)(1)(A), (B), (E). In addition, it submits an annual

report to Congress "on the insurance industry and any other information as deemed relevant by the [agency] or requested by [Congress]." Id. § 313(n)(2).

Plaintiff brings this action for mandamus against Secretary of Treasury Steven Mnuchin, alleging that the Act requires the Secretary either to declare that title insurance is not "insurance" under federal law or to add title insurance to the FIO's annual reporting. See ECF No. 1 (Complaint), ¶¶ 5, 42–44. The Secretary has moved to dismiss for lack of jurisdiction. See ECF No. 11 (Motion to Dismiss).

## II.    Legal Standard

When the defendant files a Rule 12(b)(1) motion to dismiss, the plaintiff must demonstrate that the Court indeed has subject-matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000). "Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion [also] imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13–14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)) (alteration in original). In policing its jurisdictional borders, the Court must scrutinize the complaint, treating its factual allegations as true and granting the plaintiff the benefit of all reasonable inferences that can be derived from the alleged facts. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

**III.    Analysis**

The only jurisdictional basis invoked in Plaintiff's Complaint is mandamus.  <u>See</u> Compl., ¶¶ 1–2, 22–28.  The Court thus begins and ends by evaluating whether mandamus jurisdiction exists in this case.  Mandamus relief is "drastic" and available "only in extraordinary situations." <u>In re Cheney</u>, 406 F.3d 723, 729 (D.C. Cir. 2005) (<em>en banc</em>) (citation omitted).  To establish mandamus jurisdiction, Plaintiff must demonstrate that (1) he has "a clear right to relief," (2) the Secretary has "a clear duty to act," and (3) he has "no other adequate remedy available."  <u>Power v. Barnhart</u>, 292 F.3d 781, 784 (D.C. Cir. 2002).  Here Klein's jurisdictional showing suffers from two independent defects: the Secretary has no clear duty to act, and there is an adequate alternate remedy.

The relevant statutory provision requires the Secretary to provide a report to Congress "on the insurance industry and any other information as deemed relevant by the [agency] or requested by [Congress]."  <u>Id.</u> § 313(n)(2).  The contours of the insurance industry and the relevance of additional information are within the Secretary's discretion absent some additional specific request from Congress.  Mandamus is inappropriate to compel performance of a discretionary duty.  Rather, "the writ is . . . reserved only for the most transparent violations of a clear duty to act."  <u>In re Bluewater Network</u>, 234 F.3d 1305, 1315 (D.C. Cir. 2000).  If the duty "depends on a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character or judgment or discretion which cannot be controlled by mandamus."  <u>Consolidated Edison Co. of N.Y. v. Ashcroft</u>, 286 F. 3d 600, 605 (D.C. Cir. 2002) (quoting <u>Wilbur v. United States</u>, 281 U.S. 206, 218–19 (1929)).  To the extent Klein seeks, in the alternative, to have the Secretary declare title insurance not to be "insurance" under federal

law, see Compl., ¶¶ 5, 42–44, he likewise points to no source of law rendering that a clear duty to act.

In addition, Plaintiff has not demonstrated the absence of an adequate alternate remedy. There is no reason he could not bring essentially the same suit under the Administrative Procedure Act, alleging agency action unlawfully withheld. See 5 U.S.C. § 706(1). Specifically, Klein could allege under the APA that Dodd-Frank, by its terms, requires the Secretary to include title insurance in any report on the insurance sector. Where there is such an alternative, mandamus cannot issue. See Fornaro v. James, 416 F.3d 63, 69 (D.C. Cir. 2005). In so finding, the Court does not endorse the merits of such APA claim, which would likely face an uphill climb.

Rather than dismiss the case for lack of jurisdiction, however, the Court will dismiss only the Complaint. See Ciralsky v. CIA, 355 F.3d 661, 669–70 (D.C. Cir. 2004) (recognizing district court had appropriately exercised discretion in dismissing Complaint but not entire case). It will give Plaintiff 20 days to file, if he so elects, an Amended Complaint that permits the Court to exercise jurisdiction. The Court notes that, although it did not reach the question of standing in this Opinion, any Amended Complaint setting out an alternate basis for Plaintiff's claims must also demonstrate that standing exists to pursue that form of relief.

## IV.    Conclusion

For these reasons, the Court will grant Defendant's Motion to dismiss the Complaint but allow Plaintiff, if he so chooses, to file an Amended Complaint by January 24, 2019. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: January 4, 2019

4