UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HENRY L. KLEIN, *et al.*,

Plaintiffs,

v.

STEVEN TERNER MNUCHIN,

Defendant.

Civil Action No. 18-769 (JEB)

MEMORANDUM OPINION

Believing that one of its real-estate-development projects was deep-sixed because of faulty title insurance, Plaintiff Levy Gardens Partners 2007 LP and its principal, former Plaintiff Henry Klein, have brought a series of suits against the insurer, a title-insurance association, and government agencies. In the latest iteration, Levy Gardens alleges that the Secretary of the Treasury is violating the Administrative Procedure Act by refusing to declare that title insurance is not actually insurance and by failing to include the industry in an annual report to Congress. As the Secretary correctly points out that Plaintiff has no standing to bring such a case, the Court will grant his Motion to Dismiss.

I.  Background

Klein is a 50% owner of Levy Gardens, a New Orleans real-estate developer. See ECF No. 21 (Am. Compl.), ¶ 4. "In 2008, Levy Gardens paid a total of $108,761.52 in so-called insurance premiums to . . . Lewis Title." Id. That title company, however, apparently overlooked an old ordinance, which led to the enjoining of Levy Gardens's housing project and a loss of over $9 million. Id. After Levy Gardens obtained an award of only $605,000, Klein "pledged to God and himself that what happened to Levy Gardens should never happen to

1

anyone again." ECF No. 33 (Opp.) at 7 (emphasis and capitalization deleted). The carrying out of such oath has precipitated a series of suits against Lewis Title, the American Land Title Association (ALTA), and now the Government.

As background, the Dodd-Frank Wall Street Reform and Consumer Protection Act established the Federal Insurance Office within the Department of the Treasury. See 31 U.S.C. § 313(a). The FIO, which "monitor[s] all aspects of the insurance industry," submits an annual report to Congress "on the insurance industry and any other information as deemed relevant by the [agency] or requested by [Congress]." Id. § 313(n)(2). Plaintiffs Klein and Levy Gardens initially alleged in this suit that the Court should compel Secretary of Treasury Steven Mnuchin either to declare that title insurance is not "insurance" under federal law or to add title insurance to the FIO's annual reporting. See ECF No. 1 (Complaint), ¶¶ 5, 42–44. The Court dismissed the initial Complaint without prejudice, finding that mandamus jurisdiction did not exist because Plaintiffs had alleged neither a clear duty to act by the Secretary nor the lack of other available remedies. See Klein v. Mnuchin, 2019 WL 108878 (D.D.C. Jan. 4, 2019). The Court invited Plaintiffs to file an Amended Complaint if they could sufficiently allege jurisdiction. Id. at *2. It further expressly cautioned Plaintiffs that they must clear the standing bar in order to proceed. Id.

Accepting the invitation, Plaintiffs have filed a new Complaint, which is far less clear on what cause(s) of action are actually being asserted. See Am. Compl. Indeed, no specific cause of action is listed. Klein has also withdrawn, see ECF No. 22 (Notice), so Levy Gardens is the sole Plaintiff. The Secretary again moves to dismiss.

2

## II. Legal Standard

When the defendant files a Rule 12(b)(1) motion to dismiss, the plaintiff must demonstrate that the court indeed has subject-matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000). "Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion [also] imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13–14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)) (alteration in original). In policing its jurisdictional borders, the court must scrutinize the complaint, treating its factual allegations as true and granting the plaintiff the benefit of all reasonable inferences that can be derived from the alleged facts. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## III. Analysis

In seeking dismissal, Defendant relies on both jurisdictional and merits arguments. See ECF No. 31. The Court need look no farther than standing. Article III of the United States Constitution limits the jurisdiction of federal courts to resolving "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. A party's standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." Defenders of Wildlife, 504 U.S. at 560. To maintain standing, a plaintiff must meet the following criteria. First, it "must have suffered an injury in fact — an invasion of a legally-protected interest which is (a) concrete and particularized . . . and

(b) actual or imminent, not conjectural or hypothetical." Id. (citations and internal quotation marks omitted). Second, "there must be a causal connection between the injury and the conduct complained of — the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Id. (alterations in original) (citation and internal quotation marks omitted). Third, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. at 561 (citation omitted). A "deficiency on any one of the three prongs suffices to defeat standing." U.S. Ecology, 231 F.3d at 24.

The Court does not question that Levy Gardens's financial loss on its enjoined housing project is an actual injury, as the developer claims to have suffered a $9 million setback. The difficulty is how the Secretary's failure to include title insurance in his annual report caused that or any other injury or how this Court can redress that loss or any future one. If, as alleged, malfeasance by another precipitated the injunction and thereby the loss, the malfeasor is Lewis Title, not the Secretary. Even assuming that the Government may be sued when its action or inaction caused a third party to act in a way that injured a plaintiff, see Defenders of Wildlife, 504 U.S. at 562 ("When . . . a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of someone else, much more is needed."), what can the Court do now to undo the harm? This is not a suit for damages – which this Court would unlikely have jurisdiction to hear anyway – but for declaratory relief under the APA. Yet the Court's obligating the Secretary to include insurance in his annual report would not assist Plaintiff in recovering its lost sums. "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 107 (1998). In addition, Levy Gardens

4

never alleges that it intends to develop any future project or that the title insurance available for such project would be somehow positively affected by any action sought here. The Court, accordingly, is powerless to offer succor.

Levy Gardens, it appears, knows this to be the case. That is why the prior suits it and Klein have brought targeted Lewis Title and ALTA, not the Government. See, e.g., Klein v. Lewis Title Ins. Co., 2017 WL 4156609 (E.D. La. Sept. 18, 2017) (suit against title company regarding contracts of insurance it issued); Klein v. American Land Title Ass'n, 926 F. Supp. 2d 193 (D.D.C. 2013) (suit challenging title-insurance policy drafted by ALTA). Only when they came up empty, did they redirect their sights on this more attenuated target.

Indeed, in its Opposition to the Secretary's Motion to Dismiss here, Plaintiff spills much ink raging against the abuses of the title-insurance industry, see ECF No. 33 at 1-7, but offers little rebuttal on the standing question. Levy Gardens instead discusses standing in the two aforementioned cases, explaining, for example, that Judge Reggie Walton found standing in the latter one. Id. at 7-9. But those suits, as just mentioned, were brought against a title company and a title-insurance association, not the Secretary. Again, the question is not whether Plaintiff has been harmed at all, but rather who has caused such harm and how this Court could redress it. As Plaintiff fails those tests here, the Court has no subject-matter jurisdiction to entertain this suit.

## IV. Conclusion

The Court, accordingly, will grant Defendant's Motion and dismiss the case without prejudice.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: March 18, 2019